UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PRIDGEON & CLAY,        Plaintiff, | ) ) ) | |
| vs. | ) ) | 1:12-cv-01880-JMS-MJD |
| QUALITY AND DURABLE INDUSTRIAL FLOORS, INC.,        Defendant. | ) ) ) ) | |

## ORDER

Plaintiff Pridgeon & Clay ("P&C") filed a Complaint on December 27, 2012 against Quality and Durable Industrial Floors, Inc. ("Q&D"). [Dkt. 1.] P&C alleges that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties "are citizens of different states, and the amount in controversy exceeds $75,000," and under 28 U.S.C. § 1331 "as to claims arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030." [*Id.* at 1, ¶ 4.] Because the Complaint does not appear to include a claim under the Computer Fraud and Abuse Act, but rather only asserts state law claims for breach of contract, breach of express warranty, breach of implied warranty of fitness for a particular purpose, breach of implied warranty of merchantability, and negligence, the Court assumes that P&C intends to bring this action based only on diversity jurisdiction.

As to diversity jurisdiction, P&C alleges that: (1) it is "a Michigan corporation registered to do business in Indiana, with its Facility located" in Franklin, Indiana, [*id.* at 2, ¶ 2]; (2) on information and belief, Q&D "is an Ohio corporation, doing business in Indiana, with its principal place of business" in Miamisburg, Ohio, [*id.* at 2, ¶ 3]; and (3) "the amount in controversy exceeds $75,000," [*id.* at 2, ¶ 4].

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on P&C's Complaint, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

Specifically, P&C is reminded that: (1) a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business, *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006); (2) it is insufficient for a party to generically allege that another party is *not* a citizen of a state, *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); (3) jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); and (4) the amount in controversy must exceed "$75,000 *exclusive of interest and costs*," 28 U.S.C. § 1332 (emphasis added).

The Court **ORDERS** P&C to file an Amended Complaint on or before **January 25, 2013**, which addresses the jurisdictional concerns noted above. Q&D need not respond to the Complaint, [dkt. 1], but rather shall timely respond to the Amended Complaint once it is filed.

01/03/2013

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only</u>:**

Gregory Patrick Ripple
MILLER JOHNSON
ripple@millerjohnson.com