UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PRIDGEON & CLAY, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 1:12-cv-01880-JMS-MJD |
| | ) | |
| QUALITY AND DURABLE INDUSTRIAL FLOORS, | ) | |
| INC., | ) | |
|     *Defendant.* | ) | |

## ORDER TO FILE AMENDED JOINT JURISDICTIONAL STATEMENT

On March 25, 2013, the Court ordered the parties to file a joint jurisdictional statement setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000, exclusive of interest in costs. [Dkt. 19.] Although the parties filed a joint statement on April 2, 2013, [dkt. 20], it does not alleviate all of the Court's concerns.

The parties represent that "Plaintiff has established to the satisfaction of defendant that it is a Michigan corporation. Defendant has established to the satisfaction of plaintiff that it is an Ohio corporation. The parties therefore agree that there is diversity of jurisdiction." [*Id.*] But a corporation is deemed a citizen of any state where it is incorporated <u>and</u> a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business). The parties make no joint representation regarding each party's principal place of business. This omission is critical. The absence of a stipulation concerning each party's principal place of business leaves the issue of citizenship unresolved inasmuch as Defendant Quality & Durable Industrial Floors, Inc. denied the jurisdictional allegation regarding Plaintiff Pridgeon & Clay's citizenship for lack of knowledge. [Dkt. 16 at 2, ¶ 2.] Therefore, a loose end remains regarding the existence of

the Court's diversity jurisdiction, and the parties cannot confer jurisdiction on the Court simply

by stipulating that it exists.  *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) ("No

court may decide a case without subject matter jurisdiction, and neither the parties nor their law-

yers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction.").

      For these reasons, the Court **ORDERS** the parties to again meet, confer, and conduct

whatever investigation is necessary to determine whether this Court has diversity jurisdiction.  If

the parties agree that diversity jurisdiction is proper, they shall file an **amended joint jurisdic-**

**tional statement** by **April 10, 2013**, specifically setting forth the basis for each of their citizen-

ships.  If the parties cannot agree on their respective citizenships, each shall file a separate juris-

dictional statement by that date.  The Court accepts the parties' joint representations regarding

the amount in controversy as being sufficient to establish that jurisdictional requirement.  [Dkt.

20.]

04/03/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


<u>**Distribution via ECF only**</u>:

T. J. Ackert
MILLER JOHNSON
ackertt@millerjohnson.com

Angel C. Dotson
MILLER JOHNSON
dotsona@millerjohnson.com

Harry B. Plotnick
ATTORNEY AT LAW

attorneyplotnick@gmail.com